IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                           ORDER

                Plaintiff,

                                                    07-cr-159-bbc

     v.

MATTHEW EVANS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing was held in this case on March 13, 2008 to take up any matters that needed resolution before the trial begins on March 17. Defendant was present in person and by counsel, Mark Maciolek. The government was represented by Assistant United States Attorney Daniel Graber.

      Defendant's counsel renewed his request to interrogate the prospective jurors directly for about 30 minutes. The request was denied. Defendant has had a full opportunity to submit any voir dire questions he wants asked of the jury panel.

      Defendant's counsel wants the jury to be instructed on coercion. A ruling is reserved on that request until the final instruction conference when the evidence can be reviewed to see whether it supports such an instruction.

The government asked for amendment of the special verdict to include in question no. 3, the precise identification of the sawed-off shotgun defendant is charged with possessing. That request will be granted.

On the motions in limine, I granted the government's motions relating to penalties to which defendant would be subject if convicted, not attempting any definition of reasonable doubt, the fact that the government has not tested the firearms to determine their operability, the lack of fingerprints on the firearms, prior convictions of cooperating witnesses except prior felony convictions and any drug dealing by government witnesses. I denied the government's motions in limine related to barring questions about the maximum penalties any cooperating witnesses are facing and, as noted above, I reserved a ruling on its motion to deny defendant's motion to instruct on a defense of coercion. In addition, I denied defendant's motion to allow him to elicit statements of the government's witnesses about their past bank robberies. Defendant believes that this information will bolster his contention that he had not been a part of any gang activity before the day of the bank robbery. He may elicit the same evidence simply by asking the witnesses whether they had had any previous contact with defendant before that day.

Counsel discussed the government's intent to impeach defendant with his prior convictions should he take the stand and to introduce Rule 404(b) evidence of defendant's alleged efforts to persuade witnesses not to testify against him at trial and it made a <u>Santiago</u>

2

proffer that was sufficient to allow the government to introduce statements of the co-conspirators made in furtherance of the conspiracy.

Counsel expect the trial to last no more than three days.  Jury selection will take place after the magistrate judge has completed jury selection in Romanelli v. Suliene.

Entered this 14th day of March, 2008.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge