IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                          ORDER AND OPINION

               Plaintiff,

                                                          07-cr-159-bbc

      v.

MATTHEW EVANS,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Matthew Evans has filed a pro se motion to dismiss the case against him on the ground that the indictment in his case did not allege that the bank he robbed was federally insured. Although defendant has been convicted and sentenced, his case is back in this court after the Court of Appeals for the Seventh Circuit overturned his sentence. Resentencing has been continued pending the government's filing of a petition for a writ of certiorari to the United States Supreme Court.

      Ordinarily, when a defendant is represented by counsel, as defendant is, the court will not give any consideration to documents filed directly by the defendant. In this case, however, defendant argues that his counsel refuses to discuss the merits of his motion with him and that for this reason, he has taken it upon himself to file the motion to dismiss

1

directly with the court.

It may clear the air between defendant and his counsel to explain why defendant's motion to dismiss has no merit. Defendant argues that the government did not allege in the indictment or prove at trial an element essential to jurisdiction over his case, which is that the bank he robbed was federally insured. The indictment alleged that the deposits of the bank were insured by the Federal Deposit Insurance Corporation and the government proved this point at trial, but defendant seems to think that this is insufficient. "The defendant contends that the indictment failed to allege[] that *the bank* was federally[] insured which is an essential element to establish federal jurisdiction." Mot. to Dismiss, dkt. #343, at 2.

Defendant cites United States v. Blajos, 292 F.3d 1068-72 (9th Cir. 2002), for the proposition that not all funds are insured by the FDIC and that prosecution for federal bank robbery requires proof that the institution was insured, not the particular funds. In Blagos, the issue was whether the government had to show that money stolen from an automated teller machine owned by the bank was federally insured or whether it was sufficient to show that the owner bank was federally insured. Relying on statutes defining deposits and insured deposit, Blagos argued that the government would have to show that the particular money stolen from the ATM was a "deposit." The Court of Appeals for the Ninth Circuit held that the government had proved all it needed to prove, which was that the bank was an institution the deposits of which were FDIC-insured on the date of the robbery. Id. at 1071.

2

"Under the plain terms of the statute, the Government must prove in a case such as this that the defendant took money belonging to 'any institution the deposits of which are insured' by the FDIC." Id.

Neither Blagos nor any of the other cases defendant cites stands for the proposition advanced by defendant. They do not show that the indictment returned against him was defective or that the government failed to prove an essential element of the crime at trial. Defendant's counsel had good reason not to file the motion with the court.

Defendant should know that so long as he is represented by counsel, he should not file independent motions with the court. Doing so can hurt his case by undercutting his attorney's effectiveness.

ORDER

IT IS ORDERED that defendant Matthew Evans's motion for dismissal of the indictment against him is DENIED.

Entered this 8th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3